IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRANDON FINE SEKONA, #A6131806,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII POLICE DEPARTMENT,<br><br>Defendant. | CIVIL NO. 25-00514 DKW-RT<br><br>ORDER DENYING REQUEST TO PROCEED WITHOUT PAYING FILING FEES |

Before the Court is a Request to Proceed Without Paying Filing Fees filed by pro se Plaintiff Brandon Sekona.[1]  ECF No. 2.  The request is DENIED as incomplete.

**1.    Sekona's Request is Incomplete**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  The $350.00 filing fee must be paid even if the case is

---

[1] Sekona is currently incarcerated at the Oahu Community Correctional Center.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6131806"; and select "Search") (last visited Dec. 4, 2025).

later dismissed. *See Cohea v. Bray*, No. 2:97-cv-0366, 2018 WL 5733644, at *1 (E.D. Cal. Oct. 30, 2018).

An application to proceed in forma pauperis requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner must submit trust account statements from each institution where he was confined during the relevant six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/cms/assets/396130e1-69c4-4d0b-8188-3a7dab791e9e/Information_and_IFP.pdf (last visited Dec. 4, 2025). This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months. *See id.*

If a prisoner is granted leave to proceed in forma pauperis, the court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C. § 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

Here, Sekona did not use the court's approved form, and his submissions do not allow the Court to proceed with his application. Specifically, Sekona's motion does not include: (1) a financial certificate and consent to collection of fees; and (2) a certificate from OCCC's warden or his designee providing all the information included on the Court-approved form.

Sekona is DIRECTED to promptly submit a complete IFP Application, using the Court's approved form. Failure to do so, or to pay the filing fee in full,

by **January 5, 2026** will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any pending or future filings in this action until Sekona addresses the deficiencies set forth in this Order.

**2.     Sekona Must Show That He Is Unable to Pay the Filing Fee**

In completing his IFP Application, Sekona is reminded that he must demonstrate an inability to pay the filing fee.

"The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citation omitted). To obtain this privilege, the applicant must demonstrate to the court's satisfaction an inability to pay. *Laube v. Queen's Med. Ctr.*, No. 19-cv-00423, 2019 WL 6619850, at *1 (D. Haw. Dec. 5, 2019). Relevant considerations include, among other things, an inmate's income, account balances, and account activity. *Kaneakua v. Derr*, No. 22-00158, 2022 WL 1322570, at *1 (D. Haw. May 3, 2022). Thus, in evaluating an IFP application, courts may consider the applicant's "choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995).

Here, account statements attached to Sekona's request show that he received deposits in the last six months totaling at least $400. ECF No. 2 at PageID.7. During the same period, Sekona spent $375.98 at OCCC's commissary. *Id.* at PageID.7-8. On the present record, the Court cannot ascertain what Sekona was spending his money on and, therefore, would not be able to determine whether he should be granted in forma pauperis status. In any complete IFP application that he files, Sekona is further DIRECTED to provide details on this income, his expenditures, and why his purchases were necessary.

## **CONCLUSION**

(1) Sekona's Request to Proceed Without Paying Filing Fees, ECF No. 2, is DENIED without prejudice as incomplete.

(2) Sekona is DIRECTED to pay the filing fee in full, or to submit a complete in forma pauperis application using the court's approved form by **January 5, 2026**.

(3) If Sekona chooses to submit a complete in forma pauperis application, he is further DIRECTED to provide details on this income, his expenditures, and why his prison commissary purchases were necessary.

(4) Sekona is warned that failing to comply with the Court's instructions will result in AUTOMATIC DISMISSAL of this action without further notice.

(5) If Sekona decides either that he would prefer not to pay the fees associated with this action or that he cannot show an inability to pay those fees, he can voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

(6) The Clerk is DIRECTED to send Sekona an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: December 4, 2025 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Brandon Fine Sekona v. Hawaii Police Department*; Civil No. 25-00514 DKW-RT; **ORDER DENYING REQUEST TO PROCEED WITHOUT PAYING FILING FEES**